We will call the next case, Merritt Island Woodwerx, LLC and True Touch Services, LLC versus Space Coast Credit Union, case number 2410019. Merritt Island Woodwerx, LLC Merritt Island Woodwerx, LLC Morning, may it please the court. My name is Stuart Richter, Katton Mucin Rosenman, on behalf of the appellant and the defendant below Space Coast Credit Union. This is an appeal from an order denying a motion to compel arbitration of claims that were filed by two businesses against Space Coast. Merritt Island Woodwerx, the first defendant, attempted to arbitrate its claims before it filed a lawsuit, but the AAA, the initially designated forum for arbitration, initially declined to accept the arbitration of those claims. Because Space Coast hadn't paid its fees, right? Just to wrap up. It's not really clear from the letter that was sent. It does reference non-payment of fees, and it also says that they didn't pre-register the arbitration clause. And the pre-registration was what the district court focused on as a breach and therefore a default under Section 3 of the Federal Arbitration Act. And not to expedite your argument, but I'm looking at the, in the record, from what I understand, you're trying to also argue is that there's a provision that the AAA can expedite review under certain circumstances. And is it your argument that they could have done that even though that registration and the fees hadn't been satisfied at the time of the request? Yes, the way it works, Your Honor, is that if a business wants to pre-register and the AAA says you should pre-register, you can pre-register your cause and pay a fee annually for the AAA to not have to look at it. But the AAA, the rules, consumer rules, which are incorporated by reference into the party's contract, the rules very clearly state that if you choose not to pre-register the clause and an arbitration is commenced, the AAA will conduct an expedited review to make sure that your clause is consumer-friendly. One of the problems here, I think the key problem here that sort of infected the entire decision was the district court held that Space Coast defaulted on its obligation to arbitrate because it failed to pre-register the clause. The court in its findings said that the consumer rules, under the consumer rules, Space Coast must pre-register the clause. That is clearly, clearly not what the rules say. So you're saying this provision about the AAA expediting review is not discretionary on the AAA's part? It is triggered as soon as Space Coast reached out and the records show that it hadn't crossed all its T's, dotted its I's? That's what I'm trying to be clear about. Are you saying that the AAA didn't have any discretion as to whether or not it would conduct this expedited review, which supports your argument that Space Coast actually wasn't in default because it had this other avenue? Well, to be clear, Your Honor, the AAA has discretion to do whatever it wants to do. The AAA can say, we're not going to arbitrate your claim because I don't like the name Space Coast. The AAA can do that. Okay. The problem is the court said that Space Coast defaulted, i.e., waived the right to arbitrate because it failed to comply with those rules. It in effect said, Space Coast, you have breached your own contract. And the rule clearly does say, and your point about discretion, Your Honor, the rule clearly does say if a business does not submit the arbitration agreement for review and a consumer arbitration then is filed with the AAA, the AAA will, not should, will conduct an expedited review. So now you're saying for that purposes of that provision, AAA doesn't have discretion. That's the one area where it does have to comply with what is in the rules. Under its own rules, the AAA should have, will conduct an expedited review. So what should have happened is the AAA gave Space Coast an opportunity to do that expedited review. Now, in the letter that's in the record that the AAA sent to Space Coast, that's the first time on the record that it shows Space Coast was aware of this problem. The letter said, we will not conduct, we will not administer this arbitration. It referenced non-payment of a fee and it referenced non-compliance with the consumer rules. So when you say when Space Coast was first aware of the problem and knew all along that it hadn't filed its fees or properly registered the arbitration clause or agreement, but are you suggesting that it was under the impression that that wasn't required because this provision would allow it to do it on the back end? Absolutely. And that was a reasonable position for Space Coast to take? Absolutely, Your Honor. That is exactly what I'm saying. I think a business is entitled to, if you incorporate those rules, the business is entitled to rely on the language of those rules, which say you should pre-register. But if you choose not to do so and an arbitration is commenced, the AAA will conduct an expedited review to make sure your clause is consumer friendly. And is it a reasonable conclusion that one reason why Space Coast might choose that second avenue is for cost savings? Taking your chances? I'm sure that could be a reason. That could be a reason. What about judge shopping? Pardon me, Your Honor? What about judge shopping? I don't think that comes into play. Perhaps you could explain that. Judge Abudu asked you for reasons why you would wait. She asked about one. I'm asking about another. Maybe you want to see who your judge is before you undertake this thing? I don't think so, Your Honor, because... No one does that kind of thing, right? Forum shopping? Well, you got a little bit of that here on the plaintiff's side, Your Honor. There's a previous class action with the same claims filed in State Court that were lost. There's guilt to be had all around, counsel. I don't think judge shopping plays into this. I think it's, why should I pay a fee? It's not a rational thing for a corporate entity to do. How do I know who I'm going to get as a judge or an arbitrator? I just don't think that came into play, Your Honor. You could wait to see and then decide, okay, I want my expedited review now. Can't you? Sure you can. Right. That's the right answer. I know. That's what I'm saying. That's the party's agreement. You could do that. That is a rational thing that you could do. You could do that. Under your reading, that would be what someone could do. That's absolutely right. Right. Okay. But then wouldn't we be, if we adopt your position, then we would be promoting that. Again, Your Honor, I don't think that's why people don't pay the pre-registration fee and do the pre-registration. I think it's because they want to wait to see, even if they're ever going to be involved in an arbitration, and then take care of it at that time. I don't think people are waiting to see what forum they're sued in to decide whether to arbitrate. Because, I mean, look, the contract says that either party can compel arbitration. Well, then what's the point of the registration requirement on the front end? Is there a language that says, or you can register in advance, or you can register later, or is that expedited review language the or? I think the expedited review language is clearly the or. It gives you an option. It says you should, but if you don't, we will review on an expedited basis. And I think my client was entitled to rely on that. What about the part of that same rule which says that the AAA, I'll call it the association instead of the AAA, but the association reserves the right to withhold its administrative services if the should is not complied with? You certainly have a right to expect that as well, right? As I said, Your Honor, I think the AAA, the association, can withhold administration for any reason. Right. Including this one. Including this one. Right. So if the point of all this is business expectations, then that also is part of the business expectations, is it not? That you're going to get a letter which says, sorry, you're out. That's true. And that's why the arbitration provision in this case had an alternate or substitute forum clause, which the district court, I think that's the second problem with the district court's opinion. Right. If we read forum, though, to be court, then that doesn't help you much, right? Well, I think that's what the district court did, and I think that's wrong. If we agree with the district court, that would not help you, right? Correct. That would not be helpful to me. All right. My position. You're absolutely right. Give me your best argument for why you believe forum must mean an arbitral forum. A couple reasons, Your Honor. One, that clause is in or the provision about selecting a substitute forum is in the arbitration provision in the agreement. The arbitration provision clearly right up front says the parties agree that if there's a dispute, they're going to go to arbitration. In big capital letters, it says you're going to arbitration. You're giving up your right to a jury trial. When you read that provision in the context of the entire contract, it's focused on arbitration. And when you focus on the arbitration provision itself, it talks about going to arbitration. It doesn't talk about an alternative going to court. We read we generally read language in a way that gives meaning to different terms. And so where the contract specifically uses a term like forum, which is broad and has a pretty established meaning. You know, if I open up blacks in front of you right now, I'm sure you wouldn't be surprised to see that it said court. In addition to other forums, you know, where the contract specifically is a different term in a paragraph where it's specifically talking about arbitration. That seems to suggest that it's talking about something different than arbitration, does it not? I would disagree with that, Your Honor. I think if the clause and you probably aren't surprised that I have read blacks on that. I'm not. The clause. Why I'm not surprised. You shouldn't be surprised that I brought it up or that or that, you know, that what I'm saying is right. Shockingly, I'm not. But I think if you read it in the context of it's an arbitration provision and there's a provision that says all claims or disputes go to arbitration. I think the fact that you would say an alternative arbitration forum is surplusage. It's not a good arbitration. What's your best argument for why Bedgood doesn't kick this whole case out of court? I'll give it to you in 20 seconds because that's what I've got left, Your Honor. Bedgood, as this court held in Bedgood, it's an odd case. And the difference between Bedgood in this case is at the time the motion to compel arbitration was filed here, the problems with the AAA had been corrected. The clause had been registered. In Bedgood, Wyndham had no had no made no attempts to register its clause. And based on the record, was not able to register its clause because it wasn't consumer friendly. It wasn't going to happen here. The court could have compelled this arbitration for the AAA or an alternative forum at the time the motion to compel was heard. Thank you, counsel. Thank you, Your Honor. Thank you, Your Honor. and because it was not agreed by the plaintiffs, failure to arbitrate. But what about counsel's argument that the arbitration agreement, when you consider the association's rules, is actually an or that they have two options front and or the back end? Why is that? And especially if on the back end, it was done within close time to the filing of the initial suit. Why is that not curative to some extent? So it's not pre-registration. It's registration. And then there's expedited review if you want this later review. But expedited review does not entitle you to have that arbitration heard by AAA. AAA is within its authority and its discretion to decide that you've had this clause for three years without paying your fees to AAA and without having this public notice that this clause is in your agreement out there on AAA's website. That they have it within their discretion to then decline that arbitration, even though they might register you going forward. And importantly, what Rule 12 says is that AAA will decline to arbitrate if the fee is not paid. And Space Coast did not pay its fee until two days after the complaint was filed is what the record supports. So they were on notice that they did not comply with Rule 12 after they got a demand from the plaintiff. They knew they weren't registered to start with. Right. They should have paid their fee. But putting OK, putting aside the possible form shopping or other unreasonable reasons for BCs for not registering two days is not a long time after the suit is filed to invoke this arbitration clause. My question is, is any time after the filing too late or should there be some kind of grace period? And if so, what would be a reasonable grace period? So I think the answer to that question is that AAA gets to decide that. And the district court is entitled under Bedgood to rely on AAA's decision as a matter of reason. I think here on the facts here, what you have is three years they have this agreement or the arbitration clause in their agreement without registering, knowing that not having paid the fee, they were subject to AAA decline in review. Then you have in April of 2023, the plaintiff sends a demand for arbitration to them, telling them, I want to go to arbitration. They know at that time their clause is not registered and they have not paid the fee and they do nothing. They just sit back and do nothing, knowing that Rule 12 says AAA will decline them. Then AAA sends them a letter saying, we've declined this because you didn't comply with our policies. They don't pay the fee. They don't send in anything for another several months. So then the plaintiff files in court as they're entitled to do in this situation because there's been a default. It wasn't even like the plaintiff filed the next day after AAA dinged them. There was several months where they could have tried even, they could have made some effort. They could have contacted the plaintiff and said, hey, look, we think there's been this mix up. We want to try to cure this. They only paid after the suit was filed. That's the record. And it was two days after. It was two or three months after the demand had been made, right? Yes, the demands in April and the registration the district court says is June 9th. If you look at all of their excuses, none of their excuses for not doing this back in the day are supported by any record evidence. They have one affidavit from an attorney that talks about emails that he sent to AAA. Doesn't attach those emails. Doesn't attach any responses. They don't have any testimony from their client saying, oh, there was some practice out there we knew about that AAA was supposed to send us a letter and give us a chance to cure this. This is a situation where someone sent a check and they never bothered to see if the check cashed or whatever and someone in AAA just, you know, accidentally misplaced it or this is not that case. Right. It's not the daylight payment case or the holiday interrupted. This is knowing you're at risk of having AAA decline at multiple points along the way and choosing voluntarily and intentionally not to pay the fee and not to register your clause. And that is a default under Section 3. And that's what Beckett says. And Beckett says that the district court is the same judges in Beckett here. The district court is entitled to rely on the AAA's determination that the other party was not complying with AAA's policies. And so then they're not entitled to have their that form available to them for dispute resolution. So that alone, I think, requires affirmance on Section 3. And I think that's a very good point. So as a result of the AAA rules also give AAA all the discretion in the world to decide in these particular circumstances with all of these failures to register that in this case it's not going to administer the arbitration. You may want to deal with the futility point. And you also may want to address Judge Obudu's question, which in her last question to opposing counsel about what distinguishing factors are there in Bedgood, because your opposing counsel says there's some pretty significant distinguishing facts which take this case out of Bedgood. This is not distinguishable from Bedgood. You have the same type of conduct. You have the same letter, I believe, that the defending guy here that the defendant in Bedgood got saying you haven't complied with our policies. And so we're not going to arbitrate. The only difference you have here is after we file the lawsuit, they go in and pay the fee and get registered, which they don't even find out about until July, the end of July, the next month later. So what they've done is the same thing. They've interfered with the plaintiff being able to have access to the AAA as a form for dispute resolution. And so it's on all fours with Bedgood. I really think the only difference is the late registration here after the filing of the lawsuit. And Bedgood also deals with the futility argument. So Woodworks actually filed for arbitration. They got the denial. True Touch filed then with Woodworks. We're counsel for both of them. Filed based on the letter that AAA said, because AAA's letter says we decline to arbitrate with you and any of your consumers. And you have that same letter in Bedgood. And in Bedgood — Sorry, I just want to go back to this distinguishing factor in Bedgood and what your opposing counsel talked about. So in Bedgood, we specifically stated, quote, without any indication that I'll use the company to sort of generically talk about the entity there. The company is broader and tends to bring its arbitration agreements in the line with the AAA policies. It can't claim to have been aggrieved by the plaintiff's failure or refusal to arbitrate. That is really sort of the essence of what your opposing counsel says makes this case different. But they can't claim that they've been aggrieved either once they've made this case be delayed for months and months and months over their own intentional failures to comply with the rules that would have allowed AAA to hear this dispute in the first place. They have caused the plaintiff to have to file in court. They cannot claim that they are aggrieved, then, that the case is in court. So as to TrueTouch, Bedgood says TrueTouch is entitled to take advantage of the letter that AAA says. It would be futile for TrueTouch to file because, again, they did not come into compliance until the very earliest on June 9th, and that's what the trial court found. And that's what's supported by the record evidence. There's a lot of things that have been thrown in in the briefing. That's a lot quicker, though, from the suit. You know, from Merritt Island, I understand that there's this three-month or two-and-a-half-month or at least two-month delay that indicates about default. But here, from the time that they did pay and have expedited review, from when the lawsuit's filed, it's pretty close. And so how can we really say that there's futility there? But they're on notice when they get the letter denying the Woodworks claim because the letter from AAA denying Woodworks' claim says, I'm not going to arbitrate Woodworks' claim or any of your other customers' claim. So they know that's the other thing that makes this kind of shocking. They know that entire time that AAA is not going to honor their clause, yet they do nothing. They do not do what is required, which is to pay the fee and register the clause. Do you think in that window, I imagine Space Coast has a lot of customers who have very similar arbitration clauses. Could 1,000 of their customers have filed, assuming they have similar sort of claims at that moment, and they'd all get to go to court? Bedgood says yes. Bedgood says you don't. When someone has so ignored the requirements to have an arbitration, you don't have to honor that agreement because they're in default. What if they filed the lawsuit after? I know TrueTouch filed before, although shortly before this thing was remedied. But what if it was just right afterwards? At that point, could they file the lawsuit? That would be different. So if the clause was registered, AAA would not have a basis to deny the arbitration. How many days are we talking about between hypothetical client X that you and I are just talking about and when TrueTouch asserted its right to go to court? So April 20th is when the AAA... I know, but that's not what I'm talking about. So when TrueTouch decides to go to court is when? June 7th. And when's this thing pre-registered according to the, or at least that process started according to the district court? So there's no evidence about when it started. Not June 9th, though, right? June 9th is when... We're talking about two days here, right? Right. And you agree that assuming June 9th is the right date, if someone filed, someone in this same client group filed on June 10th, that person would have to arbitrate. If AAA accepted... Yes, they could be compelled to arbitration if it was not futile because AAA was then available. So what happens, let's say, in this case, we acknowledge and whether you want to call it waiver, forfeiture or default, Space Coast didn't do what it was supposed to do. But then this process, as the facts of the record unfold, and the district court decided that it was going to go ahead and compel arbitration, perhaps not because it was required, as the Supreme Court has said, if the procedures had been followed. Because it's going to exercise the district court its discretion. Would your client then have a claim or a case to challenge the district court's order because Space Coast didn't follow the necessary procedures initially? Yes, we would be on the other side of the case here. We'd have to jump through some more hoops and get a discussion or review on that. But yes, we would absolutely be up here arguing the same thing. So the facts of this case, which might not be that unique given Space Coast's number of clients, means that in this situation where perhaps arbitration no longer needed to be compelled, either party is going to proceed in litigation to challenge that district court's order, essentially. I'm not sure I understand. So if we say, for example, that you have to compel arbitration district court, this case goes away at least until after arbitration if it's unsuccessful. But if the court didn't have to compel arbitration but decided to do so anyway, which is not really Space Coast's position but I think could still get them there, I'm just trying to understand, and I think you've already acknowledged, then your client has a claim. So either way, somebody is not going to be happy with arbitration, with the district court's decision on arbitration, either Space Coast because the request is denied or your client because it was granted. And that is the situation that this case presents. Yeah, that's correct. Space Coast here was in default on its obligations to have arbitration be available. And so then that opens up the courts to the plaintiff. And the forum selection clause doesn't change that forum. Forum means a judicial forum, an arbitral forum, a flip a coin, do whatever you want. Forum is just a place to resolve disputes. If Space Coast wanted to stay in arbitration, if there was an unavailability or something like that, they should have said you have to go to JAMS or you have to go to another arbitration forum. I'm actually kind of curious about that because here specifically the contract or the agreement calls for arbitration before the AAA. Correct. But that wasn't required. It could just be that the parties agreed to arbitrate without naming the arbitration company. It could be JAMS. It could be anything. Often there are multiple options in a contract. But here there was a specific decision made that it was going to be AAA and AAA has particular rules that you have to follow. Correct. Which are incorporated into the contract.  The district judge said they have no reason to not be on notice of those because they put them in their own contract. And that's the other thing. It's their own contract. So they specifically chose this arbitration company to be the arbitration provider. Right. But then chose not to pay the fee that's required. I understand. I think what you would do here is if you reverse the district court on this record, you would have to be somehow in conflict with that because the district court was relying on the AAA declination letter, which it was entitled to do. And based on the timeline of events. And if you would let Space Coast get by with this, all you would do is encourage companies to play this game where it's going to draw out the timeline for a consumer to get into an arbitration. And I would ask you to affirm that. In a particular case where they they're picking an actual arbitration company, because normally it will just say we're required to arbitrate and it doesn't tell you where you're going to arbitrate. Or it may, but normally it may not. Right. Thank you. Thank you. Council, you have three minutes. Thank you, Your Honor. And I'm going to ask you for the standard of review here. I know that both parties have agreed that we review the factual determinations for clear error and then the determination of whether there was a waiver or default de novo. But given the reality of this situation that either party would then challenge the district court's decision to grant your request for arbitration, even with a finding that you didn't satisfy your requirements and maybe even with a legal conclusion that you had therefore waived. What is the standard that we would then apply to the district court's decision to nevertheless grant your request? And I'm asking in light of opposing counsel's acknowledgement that if the court had granted your request, then they would then sue. What would then be the standard of review for the district court's decision? The standard of review is de novo for two of the issues or three of the issues that the district court decided. First, the district court decided that there was a default under Section 3 because Space Coast failed to preregister the clause. That's de novo review. It's interpreting the contract. Second, the district court said that the forum selection clause or the substitute forum clause meant or actually said it was ambiguous, that it could mean what the plaintiff said, which is I've got to go to AAA or it could mean what Space Coast says it means is AAA is not available. You got to go to another arbitration form. And the court applied a contra preferentum standard there, which Judge Lagua just mentioned, is that since we drafted it, you got to decide against us. That's not the case because this is arbitration. The Supreme Court's made it clear any any issue is resolved in favor of arbitration under the Federal Arbitration Act. The third legal error that was reviewed de novo is the district court applied a negligence standard as to whether there was a default under Section 3. The court said that failing to register the clause, whether that was intentional or not, was a default. And this court, the 11th Circuit, has made it clear that default under Section 3 is a waiver standard. That's a knowing and intentional relinquishment of known rights. So those three issues have to be decided de novo. OK, but if the court had granted your request, even with all of those findings and then legal conclusions, but nevertheless decided to grant your request, what would be the standard of review for that decision? I think that would be a clear error. Honestly, Your Honor, I haven't looked at that because it wasn't part of my argument. I understand. But I guess I'm just saying that even if we agree with the court that you didn't satisfy your obligations, what what would allow us, if anything, to make a further step to say? But was the decision still clear error, some kind of error, an abuse of discretion? But again, maybe we're going beyond and thinking about the next case. So I'm just curious, because it does seem that there is some debate also about the proper standard of review for these cases. I think there's some circuits that just say de novo and there's no separation between the facts and the law. I think in this case there is a separation, but I think the legal error infects the factual analysis here because the factual analysis as to whether there was a waiver. The district court predicated that primarily on a breach of the obligation to preregister the clause. And I'm going to ask for Judge Luck to extend some courtesy because I did eat up a lot of your time to the extent. The only other point I would have another minute comes one minute. Thank you very much, Your Honor. The only other point that I wanted to address is very quickly on the record. We've submitted on the record that got an April 20th letter from the AAA. The evidence is attempted to contact the AAA as requested to clarify the error. Got nothing back. Submitted the clause to the AAA. And this is in the appellate record on June 6th. This lawsuit was filed on June 6th. So it was taken care of and it was certainly taken care of by the time the motion to compel was heard very briefly on futility. And again, my point here is with respect to True Touch, True Touch never attempted to arbitrate. At the time of the motion to compel arbitration, AAA was ready and willing to arbitrate that claim. So True Touch did have an opportunity. There was no futility and there's no evidence in the record. Futility waiver has to be proven by the plaintiff. There's no evidence in the record that True Touch even attended to arbitrate its claims prior to the time it filed the lawsuit. All it did was file a lawsuit. Thank you, Your Honor.